IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:21-CR-3053 |
| vs. | |
| CHRISTIAN Y. PERALTA, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. There are no objections to the presentence report. The defendant has filed a motion for downward departure (filing 37) and a motion for downward variance (filing 39).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)    impose upon the United States the burden of proof on all Guidelines enhancements;

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no objections that require resolution at sentencing. The defendant has filed a motion for downward departure (filing 37) based on the policy statement found in U.S.S.G. § 5K2.12, which provides in relevant part that

> [i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions, on the proportionality of the defendant's actions to the seriousness of coercion, blackmail, or duress involved, and on the extent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. Ordinarily coercion will be sufficiently serious to

> warrant departure only when it involves a threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party. . . .

"Absent these specific serious threats, coercion is a discouraged basis for departure and must be present in some unusual or exceptional way to warrant departure from the Guidelines range." *United States v. King*, 280 F.3d 886, 890 (8th Cir. 2002) (citing *United States v. Contreras,* 180 F.3d 1204, 1211 (10th Cir.1999)). But "[t]his ground for departure is broader than the defense of duress, as it does not require immediacy of harm or inability to escape, and allows the district court to consider the subjective mental state and personal characteristics of the defendant in its determination." *United States v. Henderson-Durand,* 985 F.2d 970, 976 (8th Cir. 1993).

The Court acknowledges its authority to depart downwards on this basis. *See United States v. Carter*, 960 F.3d 1007, 1012-13 (8th Cir.), *cert. denied sub nom. Williams v. United States*, 141 S. Ct. 577 (2020), and *cert. denied,* 141 S. Ct. 835 (2020). The Court notes, however, that the defendant bears the burden of proving the appropriateness of a downward departure, *United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993), and at this point the precise nature of the alleged threats "regarding [the defendant's] family members" isn't clear from the record, *see* filing 37 at 1. The Court will, therefore, resolve this issue based on the evidence at sentencing.[1]

---

[1] The Court will, of course, also consider the defendant's evidence of duress or coercion as relevant to the § 3553(a) factors.

    The defendant has also moved for a downward variance, based on his personal circumstances and the circumstances of the offense. Filing 39; *see* filing 38. The Court will resolve that motion at sentencing.[2]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

---

[2] The defendant also seems to suggest that the Court should vary from the Sentencing Guidelines for methamphetamine offenses based on policy grounds. *See* filing 38 at 3. The Court is aware of its authority to do so. *See Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Abraham*, 944 F. Supp. 2d 723, 727-28 (D. Neb. 2013). However, the Court is not persuaded that rejection of the methamphetamine guideline is warranted. *See United States v. Garcia*, No. 4:13-CR-3130, 2016 WL 6471107, at *4 (D. Neb. Oct. 31, 2016); *United States v. Munoz-Ramon*, No. 8:13-CR-244 (D. Neb. filed Sept. 17 and Nov. 24, 2014), *aff'd*, 614 F. App'x 857 (8th Cir.), *cert. denied*, 136 S. Ct. 700 (2015). The Court will not vary from the guidelines on that basis.

5.  Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.  Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 11th day of July, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge